UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RYAN MULVANEY, ANGELICE DEL VALLE DIAZ, JORDAN KEMPLE, VALERIE JOHN, and LINDSIE WALKER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TPS GROUP HOLDINGS, LLC, d/b/a "THE PAPER STORE," "GIFTS & MORE AT THE PAPER STORE," and "UNCHARTED," <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 26-10439-LTS |

MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO REMAND (DOC. NO. 19)

July 1, 2026

SOROKIN, J.

This is a consumer protection action filed by Ryan Mulvaney, Angelice Del Valle Diaz, Jordan Kemple, Valerie John, and Lindsie Walker ("Plaintiffs") against TPS Group Holdings, LLC.  Plaintiffs sued in the Superior Court of Middlesex County, alleging that TPS violated a federal law governing disclosure of credit card information.  Doc. No. 1.[1]  TPS removed the case to this Court pursuant to 28 U.S.C. §§ 1331 and 1332(d).  Id.

---

[1] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system. Pincites are to the page numbers in the ECF header.

Pending before the Court is Plaintiffs' Motion to Remand.  Doc. No. 19.  For the reasons set forth below, the motion is ALLOWED, and the case is REMANDED to the Superior Court of Middlesex County.

I.    BACKGROUND

On December 17, 2025, Plaintiffs filed a putative class action complaint against TPS in the Superior Court of Middlesex County.  Doc. No. 1 at 1.  Plaintiffs alleged a single violation of the Fair and Accurate Credit Transactions Act's ("FACTA") truncation requirement.  15 U.S.C. § 1681(c)(g).  Doc. No. 1 at 1.  FACTA's truncation requirement limits the information that may be printed on receipts to "no . . . more than the last 5 digits of the card number."  15 U.S.C. § 1681(c)(g).  Plaintiffs alleged that, since 2023, TPS has printed receipts at all of its approximately 100 stores with twice the allowable number of card number digits, "subjecting every cardholder to the very type of identity theft Congress intended to prevent."  Doc. No. 1-1 at 7.  TPS printed the first six and last four digits of customers' debit and credit cards on millions of paper receipts.  Id.  Plaintiffs further alleged that TPS "acted with reckless disregard for the law, and for the financial security of its customers."  Id. at 8.  Plaintiffs did not allege the receipts were exposed to or used by any unauthorized third party.

On January 28, 2026, TPS filed a notice of removal, bringing the case to this Court.  Doc. No. 1.  TPS argued the removal was proper pursuant to 28 U.S.C § 1331, because Plaintiffs' complaint asserted a violation of FACTA, a federal statute.  Doc. No. 1 at 3.  Further, TPS argued the removal was permitted under 28 U.S.C § 1332(d), because: (i) the case involves a putative class of 100 or more members; (ii) at least one member of the plaintiff class is a citizen of a State different from the defendant; and (iii) the matter in controversy exceeds (in the aggregate) $5 million, exclusive of interest and costs.  Doc. No. 1 at 3-5.

2

On February 26, 2026, Plaintiffs filed the motion now pending, asserting remand is required because the Court lacks subject matter jurisdiction due to TPS's failure to establish Plaintiffs' Article III standing.  Doc. No. 20 at 10.  TPS has opposed.  Doc. No. 28.  The Court resolves the motion on the papers; no party has asked for a motion hearing.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court . . . where such action is pending."  When confronted with a motion to remand, "the burden is upon the removing party to show that federal subject matter jurisdiction exists."  Lanciani v. Allstate Ins. Co., No. 4:23-cv-10880-MRG, 2023 WL 6172457, at *2 (D. Mass. Sep. 22, 2023) (quoting Therrien v. Hamilton, 881 F. Supp. 76, 78 (D. Mass. 1995)).

"Because standing is a prerequisite to a federal court's subject matter jurisdiction, the absence of standing may be raised at any stage of a case."  Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

## III.    DISCUSSION

TPS removed this action pursuant to 28 U.S.C. §§ 1331 and 1332(d).  Doc. No. 1.  While the authorities cited commonly support removal, they do not alter the need to separately establish standing.[2]  The constitutional minimum of standing has three elements.  The party asserting federal jurisdiction must show: "The plaintiff . . . [has] (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed

---

[2] Plaintiffs expressly alleged an exception to § 1332(d) in their complaint. Since TPS has failed to establish standing, the dispute over the application of § 1332(d) need not be addressed.

by a favorable judicial decision."  Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).  Only the first element is at issue in this case.

Injury in fact must be "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  Id. at 339 (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)).  An injury is particularized if it "affect[s] the plaintiff in a personal and individual way."  Lujan, 504 U.S. at 560 n.1.  For an injury to be concrete it must be real rather than abstract, however, "it is not . . . necessarily synonymous with *tangible*."  Spokeo, Inc., 578 U.S. at 340.  The alleged injury in this case—increased risk of identity theft—is intangible.  To determine if an "intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles."  Id.  While Congress is well positioned to identify intangible harms and elevate them to cognizable injuries, doing so "does not mean that a plaintiff automatically satisfies the injury-in-fact requirement."  Id. at 341.  However, risk of real harm may satisfy concreteness, and "violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact."  Id. at 342.  The Court applies these principles to this case.

The First Circuit has not resolved whether increased risk of identity theft constitutes an injury in fact in the context of violating FACTA's truncation requirement.  However, every Circuit that has addressed this issue agrees "not *every* violation of FACTA's truncation requirement creates a risk of identity theft."  Jeffries v. Volume Serv. Am., Inc., 928 F.3d 1059, 1065 (D.C. Cir. 2019); Thomas v. TOMS King (Ohio) LLC, 997 F.3d 629 (6th Cir. 2021); Muransky v. Godiva Chocolatier, Inc., 979 F.3d 917 (11th Cir. 2020) (en banc); Marshall v. Motel 6 Operating LP, 825 F. App'x 527 (9th Cir. 2020); Kamal v. J. Crew Grp., Inc., 918 F.3d 102 (3d Cir. 2019); Katz v. Donna Karan Co., LLC, 872 F.3d 114 (2d Cir. 2017); Meyers v. Nicolet Rest. of De Pere, LLC, 843 F.3d 724 (7th Cir. 2016).  The Second, Third, Sixth, Ninth,

and Eleventh Circuits have considered claims identical to the one brought in the case at hand—challenges by plaintiffs to the printing of the first six and last four digits of credit card numbers on receipts.  Each of these Circuits concluded the plaintiffs lacked standing, warranting dismissal.  See Muransky, 979 F.3d at 928-29; Thomas, 997 F.3d at 632; Marshall, 825 F. App'x at 528; Kamal, 918 F.3d at 106; Katz, 872 F.3d at 116.[3]

In each case, the court's reasoning hinged on one basic fact: allegation of increased risk of identity theft is an allegation of future injury.  Allegation of future injury may establish injury in fact "if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur."  Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158 (2014) (citation omitted).  As all five Circuits evaluating identical claims have found, the printing of the first six digits of a credit card number does not pose a concrete injury in fact, because doing so "is the equivalent of printing the name of the issuing institution, information which need not be truncated under FACTA."  Katz, 872 F.3d at 120; accord Thomas, 997 F.3d at 636; Muransky, 979 F.3d at 934; Marshall, 825 F. App'x at 528; Kamal, 918 F.3d at 117.  Furthermore, alleging a willful violation of FACTA does not alone establish standing, because "Congress cannot statutorily manufacture Article III standing in the case of 'a bare procedural violation, divorced from any concrete harm.'"  Kamal, 918 F.3d at 111 (quoting Spokeo, Inc., 578 U.S. at 342); accord Muransky, 979 F.3d at 930; Marshall, 825 F. App'x at 528; Katz, 872 F.3d at 121.  "Rather, a procedural violation must yield or risk actual harm to meet the requirements of Article III."  Kamal, 918 F.3d at 111.  Because the plaintiffs in each of these cases had not alleged that such harm had occurred or was imminent, they had not satisfied Article III's requirements.

---

[3] The allegation the Seventh Circuit found insufficient in Meyers was printing the credit card's expiration date on the receipt.

The same is true here.  TPS, as the party with the burden to establish standing, does not explain how the printing of the first six digits of a credit card number creates actual harm or an imminent risk of future harm.  In addition, TPS has not engaged with this point made by the other Circuits, provided a basis for distinguishing this case from those factually, or advanced a legal argument for why the reasoning of those courts was wrong.

The only Circuit to find that an alleged violation of FACTA's truncation requirement constituted an injury in fact confronted what it characterized as a "nightmare scenario."  See Jeffries, 928 F.3d at 1066 (finding defendant's printing of all sixteen digits of credit card number and expiration date sufficient to establish injury in fact).  As another District Court has explained, the extreme circumstances presented in Jeffries make its conclusion concerning injury in fact inapplicable to a case such as this one, where the alleged violation is less egregious.  See Heuer v. Smithsonian Inst., 619 F. Supp. 3d 202, 211 (D.D.C. 2022).  Put simply, TPS has not shown that this case presents the same kind of "nightmare" as Jeffries did.

Rather than engaging with these on-point precedents, TPS attempts to analogize the alleged injury of increased risk of identity theft here to those that arise in the context of a data breach.  The First Circuit has found concrete injury in such a context.  See Webb v. Injured Workers Pharmacy, LLC, 72 F.4th 365, 372-73 (1st Cir. 2023) (reversing District Court's dismissal based on lack of Article III standing).  However, this analogy fails under close review. In Webb, the first named plaintiff's standing was not a close call; she plausibly alleged "the data breach resulted in the misuse of her PII by an unauthorized third party (or third parties) to file a fraudulent tax return."  Webb, 72 F.4th at 373.  The second named plaintiff, who did not allege actual misuse of her PII, posed a more difficult standing question.  The First Circuit resolved that question in the plaintiff's favor because she "plausibly allege[d] an imminent and substantial risk

6

of future misuse of [her] PII." Id. at 376.  The Circuit reasoned that the plaintiff faced a real risk of future injury based on allegations that her "information [had been] deliberately taken by thieves intending to use the information to their financial advantage," emphasizing that "the actual misuse of a portion of the stolen information increases the risk that other information will be misused in the future." Id. at 375.

In contrast, Plaintiffs alleged only generally that TPS's violation of FACTA "subject[ed] every cardholder to the very type of identity theft Congress intended to prevent." Doc. No. 1-1 at 7.  They did not allege actual misuse of any individual Plaintiff's credit card information, or even that any unauthorized third party obtained such information.  Unlike in Webb, the alleged increased risk of identity theft here is a "hypothetical future harm that is not certainly impending [which] is not a concrete injury." Thomas, 997 F.3d at 640 (citation omitted).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  In addition, Massachusetts "[s]tate courts remain free to define their own jurisdictional limits even when adjudicating Federal claims."[4] LaChance v. Comm'r of Corr., 60 N.E.3d 1157, 1169 n.14 (Mass. 2016).  The Massachusetts courts applied that principle in a case analogous to the one at hand, finding "[t]he plaintiff's lack of standing in Federal court is not dispositive of the question of her standing in State court." Kenn v. Eascare, LLC, 226 N.E.3d 318, 324 (Mass. App. Ct. 2024).  Compare id. (holding allegedly willful violation of Fair Credit Reporting Act was sufficient injury to support standing in state court, even if it insufficient for standing in federal court), with Kenn v. Eascare, LLC, 483 F. Supp. 3d 26, 34 (D. Mass. 2020) (finding no Article III standing in suit alleging

---

[4] The federal claim at issue here, brought under FACTA, is by statute not within the exclusive jurisdiction of the federal courts.  See 15 U.S.C. § 1681p.

willful violation of FCRA).  Here, as there, the absence of Article III standing is not

determinative of Plaintiffs' ability to proceed in state court, the forum in which they filed suit.

Thus, remand is both appropriate and required by federal statute.

IV.    CONCLUSION

For the reasons set forth herein, Plaintiffs' Motion to Remand (Doc. No. 19) is

ALLOWED.  The Clerk shall remand this matter to the Massachusetts Superior Court,

Middlesex County, no sooner than thirty days after issuance of this Order consistent with Local

Rule 81.1(d).

SO ORDERED.


 /s/ Leo T. Sorokin
United States District Judge